MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Tel: (702) 362-6666
Fax: (702) 362-2203
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ASTA FUNDING, INC. d/b/a PALISADES COLLECTION, LLC, a Delaware corporation; and DOES I-V, inclusive,<br><br>Defendants. | Case No.<br><br>Dept. No.<br><br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff, KRAVITZ, SCHNITZER, SLOANE & JOHNSON (hereinafter "KSSJ"), by and through its counsel of record, Martin J. Kravitz, Esq., and Tyler J. Watson, Esq., of the law firm of KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., complains and alleges against Defendant, ASTA FUNDING, INC. d/b/a PALISADES COLLECTION, LLC, (hereinafter "Defendant") as follows:

1. That at all times relevant hereto, Plaintiff, KSSJ, is a Nevada professional corporation doing business in Clark County, Nevada.

2. KSSJ is informed and believes, and therefore alleges, that Defendant, Palisades Collection, LLC, (hereinafter "Palisades") is a Delaware corporation with its principal place of business in New Jersey and licensed to conduct business in the state of Nevada.

3.  KSSJ is informed and believes, and therefore alleges, that Defendant Asta Funding, Inc. (hereinafter "Asta") is the parent company of Palisades.

4.  That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendant DOES I-V are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes and thereon alleges of each of the Defendants designated herein as a DOE Defendant is responsible in some manner for the events and happenings herein referred to and caused damages thereby to the Plaintiff as herein alleged; that Plaintiff may ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I-V when the same has been ascertained by Plaintiff together with appropriate charging allegations and to join such Defendants in this action.

## JURISDICTION

5.  Plaintiff repeats, realleges and incorporates by reference all of the allegations thereto made as if fully set forth below.

6.  Plaintiff and Defendant in this case are citizens of different states, and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.  This Court therefore has jurisdiction under 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

7.  Plaintiff repeats, realleges and incorporates by reference all of the allegations thereto made as if fully set forth below.

8.  Defendant Asta is a debt purchasing company which buys debt at a discount, and pursues collection efforts against consumer debtors in Nevada.

9.  On or about May 2006, KSSJ entered into a servicing agreement to collect funds on behalf of Defendant Asta through its chosen agent, Mann Bracken, LLC (hereinafter "MB") and/or Axiant, LLC (hereinafter "Axiant").

10. The aforementioned servicing agreement was brokered through Mann Bracken, LLC a.k.a and/or d/b/a Axiant, LLC.  However, at all times, Asta was the actual client of KSSJ.

11. As per the agreement, KSSJ would collect funds on the matters it was assigned on behalf of Defendant and then remit funds directly to Defendant's agents, M.B. and/or Axiant.

12. Upon receipt of funds, Defendant would issue payment to MB or Axiant, which would in turn distribute payment to Asta and KSSJ for services rendered on a contingency basis and reimburse costs incurred and expended on behalf of Defendant.

13. Commencing in 2007, Defendant and its agents failed to pay KSSJ.

14. Since June 30, 2009, KSSJ has not received payment for services rendered and costs incurred on behalf of Defendant Asta, all in excess of $105,000.

15. On October 26, 2009, KSSJ made its last remittance to Defendant, yet due to the delinquency on the account, KSSJ has since retained in trust all funds collected on behalf of Defendant since that date.

16. As of March 16, 2010, Defendant owes KSSJ $105,253.96 ($35,610.53 for costs it advanced and $69,643.43 for fees earned).

17. Plaintiff claims lien rights under *Figliuzzi v. District Court*, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995) and NRS 18.015 for a retaining lien of the files and monies in its trust account, and for charging attorneys liens for fees and costs which it continues to incur.

18. Defendant has wrongfully demanded that Plaintiff pay all earned monies held in its trust to Defendant, without paying its obligations, even though KSSJ expended the time, effort, and money with respect to prosecuting Defendant's claims and continues to do so.

19. Defendant's justification for failing to pay its financial obligations was to blame its designated agents Axiant and/or MB for converting monies sent by KSSJ to them.

20. Defendant's sole remedy is against its agent(s) Axiant and/or MB.

### FIRST CLAIM FOR RELIEF

#### (Declaratory Relief)

21. Plaintiff repeats, realleges and incorporates by reference all of the allegations thereto made as if fully set forth below.

22. An actual, present and justiciable controversy has arisen between KSSJ and Defendant concerning KSSJ's right to payment for services rendered and costs incurred.

///

///

23. KSSJ seeks declaratory judgment from this Court that it is entitled to retain the total amount of fees and costs incurred on behalf of Defendant in this matter pursuant to Nevada's comprehensive attorneys lien statutes and case authority.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment/Quantum Meruit)

24. Plaintiff repeats, realleges and incorporates by reference all of the allegations thereto made as if fully set forth below.

25. Defendant has unjustly enriched at this expense of KSSJ against fundamental principles of justice or equity and good conscience.

26. Defendant is entitled to the reasonable value of the services performed, and for reimbursement of expenses.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Plaintiff repeats, realleges and incorporates by reference all of the allegations thereto made as if fully set forth below.

28. There is no written contract between Defendant and Plaintiff. The contract between Axiant and KSSJ has been materially breached, and Axiant is no longer in business. In the absence of the now defunct Axiant and MB entities, KSSJ and Defendant were therefore parties to an implied contract for KSSJ to act as Asta's attorney in the collection of its accounts. Such has been the case since Axiant and MB went out of business.

29. Defendant owed a duty of good faith and fair dealing to KSSJ.

30. Defendant breached that duty by refusing to disclose what, if any payments, it had allegedly remitted to Axiant or MB to compensate KSSJ for services rendered and costs incurred. Moreover, Defendant also breached the duty when it refused to compensate KSSJ directly in the absence of the Axiant and MB entities, and further demanded that KSSJ keep expending time, money, and effort on its behalf without any compensation.

31. Thus, KSSJ's justified expectations under the contract were denied.

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KSSJ prays for judgment against the Defendant as follows:

1. For declaratory relief as to KSSJ's right to the retained funds;

2. For damages in an amount in excess of $75,000.00 in an amount proven at trial;

3. For reasonable attorneys' fees, costs, expert costs and expense, pursuant to statutory law, common law, and/or contract law;

4. For interest on the judgment, as provided by law;

5. For such other and further relief as this Court may deem just, equitable, and proper.

DATED this 7th day of April, 2010.

KRAVITZ, SCHNITZER, SLOANE
& JOHNSON, CHTD.

_____
MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Attorneys for Plaintiff