UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.,<br><br>Plaintiff,<br><br>v.<br><br>ASTA FUNDING, INC., et al.,<br><br>Defendants. | 2:10-CV-486 JCM (PAL) |

**ORDER**

Presently before the court is defendants Asta Funding, Inc. (hereinafter "Asta") and Palisades Collection, LLC's (hereinafter "Palisades") motion for more definite statement (doc. #23) and motion for dismissal of third claim for relief (doc. #25) (Incorrectly originally filed as one motion, which was later split into the two present motions.). Plaintiff Kravitz, Schnitzer, Sloane & Johnson, Chtd. (hereinafter "KSSJ") filed an opposition (doc. #24), and defendants filed a reply (doc. #27).

Also before the court is defendant Palisades' motion for dismissal of complaint for failure to state a claim for relief. (Doc. #34). Plaintiff filed an opposition (doc. # 38), and defendant filed a reply (doc. 41).

On April 7, 2010, plaintiff KSSJ filed its complaint against Asta Funding, Inc. d/b/a Palisades Collection, Inc. Upon Asta filing its answer (doc. #9) denying that it is the parent company of Palisades, a wholly separate entity, and asserting several affirmative defenses, plaintiff filed an amended complaint on July 26, 2010 (doc. #17). In the amended complaint, plaintiff asserts claims against both Asta and Palisades for (1) declaratory relief, (2) unjust enrichment/quantum meruit, and

**James C. Mahan**
**U.S. District Judge**

1  (3) breach of implied covenant of good faith and fair dealing. The plaintiff asserts that defendant
2  Asta is a "debt purchasing company which buys debt at a discount, and pursues collection efforts
3  against consumer debtors in Nevada." Further, it asserts that KSSJ entered into a "servicing
4  agreement to collect funds on behalf of [d]efendant Asta through its chosen agent, Mann Bracken,
5  LLC and/or Axiant, LLC." Plaintiff concedes in the complaint that Asta was the "actual client of
6  KSSJ," but that an implied contract existed between it and defendant Palisades.

7  Subsequently, on September 15, 2010, the court entered an order (doc. #30) granting the
8  stipulated dismissal of defendant Asta Funding, Inc. (doc. #29). The stipulation and order stated that
9  Palisades is the collecting entity on all accounts at issue in this matter, and that Asta would be
10 dismissed from the present action.

11 **Motion for More Definite Statement (doc. #23).**

12 In the defendants' motion for more definite statement (doc. #23), they assert that the plaintiff
13 has "failed to separate the two [d]efendants, their actions, and the claims for relief." However, in
14 light of the order dismissing defendant Asta (doc. # 30), which leaves only one defendant, the motion
15 is moot. As defendant Palisades is the only remaining defendant, the court will address the following
16 motions solely with regards to it.

17 **Motion to Dismiss Third Claim (doc. #25) and Motion to Dismiss Complaint for Failure to**
18 **State a Claim (doc. #34).**

19 Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails
20 to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6), he
21 must "provide the grounds for his entitlement to relief [which] requires more than labels and
22 conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). However, to comply with
23 the Federal Rules of Civil Procedure, the pleading need only contain enough information to give the
24 defendant fair notice of both the complaint's claims and the grounds for those claims. *Tellabs, Inc.*
25 *v. Makor Issues & Rights, Ltds.,* 551 U.S. 319, 127 S.Ct. 2507 (2007).

26 In the defendants' motion to dismiss the third claim (doc. #25), they assert that the plaintiff
27 cannot state a claim for implied covenant of good faith and fair dealing, when it admits in paragraph
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  28 of its amended complaint that there "is no written contract between [d]efendant and [p]laintiff."
2  However, plaintiff claims that under well established Nevada law, not only do courts recognize the
3  doctrine of implied contracts, but that every contract imposes a duty of good faith and fair dealings.
4  *See Hilton Hotels Corp. v. Butch Lewis Productions, Inc.,* 109 Nev. 1043, 1046, 862 P.2d 1207,
5  1209 (1993); *Artwell v. Southwest Securities,* 107 Nev. 820, 823 P.2d 766, 768-69 (1991); *Matthews*
6  *v. Collman,* 110 Nev. 940, 948, 878 P.2d 971, 976 (1994).

7  Plaintiff asserts in the amended complaint that there was an implied contract between the
8  parties. Specifically, KSSJ claims that it was "collecting debts on behalf of, and as attorney-in-fact
9  for, defendants, despite not being in direct written contract with [them]."

10  The court is not inclined to dismiss this claim. In the event that the plaintiff is able to prove
11  such an implied contract does in fact exist, it has a right to bring such a claim.

12  In defendant Palisades' motion to dismiss the complaint (doc. # 34), it asserts that since the
13  "client" Asta Funding, Inc. was dismissed, the complaint now fails to state a claim for relief against
14  the remaining defendant. However, as the Supreme Court has held, the plaintiff's complaint will
15  survive if, as here, it gave "fair notice" of the claims and the grounds for those claims. *Tellabs, Inc.*
16  *v. Makor Issues & Rights, Ltds.,* 551 U.S. 319, 127 S.Ct. 2507 (2007).

17  The complaint supplies the defendant with the plaintiff's assertion that it had an implied
18  contract with defendant Palisades, and its claims thereunder. The plaintiff has provided the defendant
19  with sufficient information to allow it to file an answer, as evidenced by former defendant Asta's
20  answer (doc. #9) to essentially the same complaint.

21  Accordingly,

22  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Asta Funding,
23  Inc. and Palisades Collection, LLC's motion for more definite statement (doc. #23) be, and the same
24  hereby is, DENIED as moot.

25  IT IS FURTHER ORDERED that the defendants' motion for dismissal of third claim for
26  relief (doc. #25) be, and the same hereby is, DENIED.

27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   IT IS FURTHER ORDERED that defendant Palisades Collection, LLC's motion for
2   dismissal of complaint for failure to state a claim for relief (doc. #34) be, and the same hereby is,
3   DENIED.
4   DATED November 18, 2010.

_____
**UNITED STATES DISTRICT JUDGE**