**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.,

Plaintiff,

vs.

PALISADES COLLECTION, LLC,

Defendant.

Case No. 2:10-cv-00486-JCM-PAL

**ORDER**

The court conducted a hearing on Defendant's Motion to Compel Responses to Discovery (Dkt. #32), and Plaintiff's Emergency Motion to Compel Discovery (Dkt. #33) on November 16, 2010. Tyler Watson appeared on behalf of Plaintiff, and Edward Coleman appeared on behalf of the Defendant. The court has considered the motions, oppositions (Dkt. ##35, 39), the replies (Dkt. ##40, 42) and the arguments of counsel at the hearing.

Defendant seeks to compel the Plaintiff to provide further responses to Interrogatories served August 6, 2010. Specifically, Defendant seeks an order compelling further responses to Interrogatories No.s 3, 6, 7, 9, 10, 11 and 12, asserting Plaintiff's answers are non-responsive. The court has thoroughly reviewed the parties' moving and responsive papers, considered the arguments of counsel, and the discovery responses in dispute, and finds that the Plaintiff has met it's discovery obligations in this matter. It appears that this motion was filed, in large part because of an extremely contentious dispute resolution conference which occurred in the office of Plaintiff's counsel on September 17, 2010. Counsel for Plaintiff present at the hearing acknowledged that Martin Kravitz, a partner with the Plaintiff law firm engaged in the conduct described in Defendant's Motion to Compel. Mr. Kravitz is admonished for his conduct at the September 17, 2010 discovery dispute resolution conference which the court finds was discourteous in the extreme, lacking in civility, and contrary to his professional

obligations to opposing counsel. Although the court appreciates that the parties' dispute involves a substantial amount of money which may be adversely affecting the law firm, Mr. Kravitz's treatment of opposing counsel was inexcusable and will not be tolerated by this court.

Plaintiff's Emergency Motion to Compel (Dkt. #33) seeks an order compelling Defendant to respond to Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents served August 5, 2010. Defendant served responses September 7, 2010, by mail. Plaintiff argues that the majority of Defendant's discovery responses were incomplete or evasive, that Defendant failed to make a reasonable inquiry to determine if there were responsive documents in its possession, and that Defendant asserted privilege objections without serving a privilege document log as required by Fed.R.Civ.P. 26(b)(5)(A). Defendant's opposition to the motion consists largely of the Declaration of Counsel, Edward Coleman. The Declaration first asserts he has personal knowledge of the matters set forth in his opposition, but then makes averments on information and belief. The Declaration primarily disputes Plaintiff's characterization of the parties' claims and defenses. However, Mr. Coleman states he is informed and believes that the information the Plaintiff seeks can be found in voluminous files maintained by Defendant Palisades in its offices in New Jersey. He believes it would take many weeks, and possibly months, to provide competent evidence of the specifics of Plaintiff's claims, and as a result, his client has invited counsel for Plaintiff to travel to New Jersey to inspect records of Palisades. Counsel is unsure what documents Plaintiff wants. Once Plaintiff's counsel has an opportunity to inspect the documents in New Jersey, Defendant can determine whether it will claim a privilege for any of the documents Plaintiff seeks and prepare a privilege document log. Mr. Coleman believes that, because there were three entities with whom Plaintiff contracted to render collection services, there are "undoubtedly" huge amounts of records and "it is impossible for Defendant Palisades to respond in detail."

During the hearing, the court inquired of counsel for the Defendant what efforts had been made to respond to Plaintiff's discovery requests. Mr. Coleman reluctantly acknowledged, after several pointed questions, that he had had difficult receiving responses from general counsel who is his litigation contact for this case.

///

Having reviewed and considered the matter, the Court finds that Defendant's discovery responses are grossly deficient. Defendant has not met its burden of showing that the requests are unduly burdensome and has provided evasive and incomplete responses to the majority of the Plaintiff's discovery requests. The court rejects Defendant's arguments that, inviting counsel for Plaintiff to go to Defendant's New Jersey offices to look through its "undoubtedly" voluminous records comports with Defendant's discovery obligations. The court also rejects the arguments of defense counsel at the hearing that Defendant needs more detailed discovery responses from the Plaintiff to respond to Plaintiff's discovery requests. The court has examined the detailed summary report and backup documents provided by Plaintiff to Defendant. Counsel for Plaintiff went to great lengths to identify, summarize and provide documentation concerning the costs and fees for which Plaintiff seeks recovery in this case. During the hearing, Mr. Coleman reluctantly acknowledged that a detailed summary report served on his office was received and signed for by his office, yet he claimed never to have seen the documents.

Having reviewed and considered the matter,

**IT IS ORDERED**;

1. Defendant's Motion to Compel (Dkt. #32) is **DENIED**.

2. Plaintiff's Emergency Motion to Compel (Dkt. #33) is **GRANTED in part** and **DENIED in part.** The motion is granted to the extent that Defendant shall serve full and complete responses to Plaintiff's Interrogatory No.s 2, 4, 6, and 7, and responses to Request for Production No.s 4, 6, 7, 8 and 10 no later than December 16, 2010. Failure to fully and completely comply with the provisions of this order will result in sanctions up to and including potentially case dispositive sanctions. Failure to comply will result in a preclusion order precluding the Defendant from denying and deeming Defendant to have admitted that the Plaintiff law firm is owed the sum of $105,253.96 consisting of $35,610.53 for accrued costs, and $69,643.43 for fees earned which are the subject of this lawsuit.

3. The Defendant shall produce a privilege document log which complies with the requirements of Rule 26(b)(5)(A) with respect to any documents withheld on the basis of

privilege with Defendant's supplemental discovery responses. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. Mont,* 408 F.3d 1142, 1149 (9th Cir. 2005).

4. Any request for relief not specifically addressed in the body of this order is **DENIED**.

5. Mr. Kravitz is admonished for engaging in the unprofessional conduct described in Defendant's Motion to Compel. Any recurrence of conduct of this nature will be sanctioned by this court.

Dated this 18th day of November, 2010.

Peggy A. Leen
United States Magistrate Judge