# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.,

    Plaintiff,

v.

ASTA FUNDING, INC., et al.,

    Defendants.

2:10-CV-486 JCM (PAL)

**ORDER**

Presently before the court is defendant Palisades Collection, LLC's motion to strike certain statements in plaintiff's motion to dismiss or in the alternative motion for summary judgment (doc. #57 and #58). (Doc. #59). Defendant filed a supplemental memorandum (doc. #61) to replace the original filed (doc. #59), citing the correct Federal Rule of Evidence, and a declaration in support of the motion (doc. #62). Plaintiff Kravitz, Schnitzer, Sloane & Johnson, Chtd. filed an opposition to the motion. (Doc. #64). Defendant failed to file a reply in support of its motion.

**Motion To Strike**

Plaintiff filed a motion to dismiss or in the alternative motion for summary judgment on defendant's counterclaim to plaintiff's first amended complaint. (Doc. #57 and #58). Attached to the motion, plaintiff provided the court with the affidavit of Tyler J. Watson (doc. #57). In the affidavit, Mr. Watson purports to demonstrate to the court the facts and circumstances of the case based on his "personal knowledge." (Doc. #57). In the present motion to strike (doc. #59 and #61), defendant contends that certain portions of the affidavit should be stricken because they refer to "contracts

**James C. Mahan**
**U.S. District Judge**

1  and/or agreements which do not exist," or improperly reference settlement discussions.

2        **A.**      **References To Contracts/Agreements**

3        Specifically, defendant asserts that paragraphs three (3) and five (5) contain statements that
4  assume a privity of contract between the parties when "no evidence had been adduced which in any
5  way suggests or establishes" that such privity exists. In paragraph three, Mr. Watson states that
6  "[t]his litigation stems from a dispute regarding [d]efendant's non-payment of fees and costs totaling
7  $105,253.96 incurred by [plaintiff] as a result of consumer debt collection services [plaintiff]
8  provided for the benefit of [d]efendant." (Doc. #57). Further, Mr. Watson states in paragraph five
9  that "[a]t all relevant times, [plaintiff] collected upon consumer debts on behalf of [d]efendant as
10 the[y] were authorized to do under [plaintiff]'s contract with [d]efendant's [s]ubservicers." *Id.*

11       Defendant asks this court to strike these paragraphs because no contractual relationship has
12 been established and plaintiff "cannot, nor does it, establish as a fact that there is linkage of contract
13 or privity" between the parties. In plaintiff's opposition (doc. #64), it argues that striking the
14 statements is inappropriate because defendants failed to provide the court with any "authority or
15 argument to support its contention that the [previously discussed paragraphs] should be stricken."
16 Pursuant to Local Rule 7-2(a), "[a]ll motions...shall be supported by a memorandum of points and
17 authorities," and the "failure of a moving party to file points and authorities in support of the motion
18 shall constitute a consent to the denial of the motion."

19       Plaintiff is correct in its assertion that defendant failed to cite to any authority, rule or case,
20 that would support the granting of the motion. Further, even after the plaintiff pointed this deficiency
21 out to defendant, it did not cure the deficiency and did not even file a reply brief. Therefore, denial
22 of the request to strike paragraphs three and five is warranted.

23       **B.**      **References To Settlement**

24       Defendant contends that portions of the motion and affidavit should be stricken because they
25 purport to provide evidence of settlement discussions, which are inadmissible under Federal Rule
26 of Evidence 408(a). Paragraph eight of Mr. Watson's affidavit states that plaintiff "attempted to
27 resolve this matter directly with [d]efendant. Early settlement discussions were conducted, where
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  the [d]efendant has agreed to compensate [plaintiff] for fees earned and costs incurred, but the parties
2  were unable to settle on a specific amount." (Doc. #57). Further, in the motions (doc. #57 and #58),
3  plaintiff states at page six that "[e]arly settlement discussions were conducted, where the [d]efendant
4  has agreed to compensate [plaintiff] for fees earned and costs incurred, but the parties were unable
5  to settle on a specific amount." *Id.*

6  Federal Rule of Evidence 408(a) provides that evidence of compromise is inadmissible to
7  "prove liability for, invalidity of, or amount of a claim." Plaintiff contends that the statement in
8  paragraph eight is referencing defendant's "external audit/support manager admitting in an internal
9  correspondence not relating to a compromise or an offer to compromise, that [d]efendant 'owed'
10 [plaintiff] $40,068.89 for court costs and $71,781.51 for fees." (Doc. #64). It asserts that the
11 intention in referencing this was to show that defendant has acknowledged that it is liable for the fees
12 earned and costs incurred.

13 To address defendant's concerns, plaintiff has agreed to stipulate to replacing paragraph eight
14 of its affidavit with the following – "On March 1, 2010, Michael Kreutzer, [d]efendant's external
15 audit/support manager, admitted in an internal correspondence not relating to a compromise or an
16 offer to compromise, that [d]efendant 'owed' [plaintiff] $40,068.89 for court costs and $71,781.51
17 for fees as of January 20, 2010."

18 Defendant did not file a reply or demonstrate to the court its position on the proposed
19 stipulation. However, as this correction omits references to settlement discussions or a compromise,
20 it should cure any concern defendant had with the statement. The court orders plaintiff to file a
21 corrected document containing the above stated paragraph, both in the affidavit and the body of the
22 motion.

23 Accordingly,

24 IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Palisades
25 Collection, LLC's motion to strike certain statements in plaintiff's motion to dismiss or in the
26 alternative motion for summary judgment (doc. #59) be, and the same hereby is, GRANTED in part
27 and DENIED in part.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  IT IS THEREFORE ORDERED that paragraph eight of the affidavit and page 6, section I, lines 15-17 of the motion to dismiss or in the alternative for summary judgment (doc. #57 and #58) be, and the same hereby are STRICKEN.

IT IS FURTHER ORDERED that plaintiff file the corrected version of the affidavit and motion with the court within seven (7) days from the date of this order.

DATED June 30, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**