MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
KRAVITZ, SCHNITZER, SLOANE &
JOHNSON, CHTD.
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada  89123
Tel: (702) 362-6666
Fax: (702) 362-2203
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ASTA FUNDING, INC., a Delaware corporation; PALISADES COLLECTION, LLC, a limited liability company organized in the state of Delaware; and DOES I-V, inclusive,<br><br>Defendants. | Case No.  2:10-cv-00486-JCM-PAL<br><br>Date of Hearing: July 18, 2011<br><br>Time of Hearing: 10:00 a.m. |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S DECLARATORY RELIEF AND UNJUST ENRICHMENT CLAIMS & PLAINTIFF'S AMENDED MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT ON PALISADES COLLECTION'S COUNTER-CLAIM TO PLAINTIFF'S AMENDED COMPLAINT**

THIS MATTER was set for hearing on the 18th day of June, 2011. Before this Honorable Court were Plaintiff's KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD., ("KSSJ") Motion for Partial Summary Judgment on Plaintiff's Declaratory Relief Claim and Unjust Enrichment Claim ("MPSJ") and Plaintiff KSSJ's Amended Motion to Dismiss, or alternatively, Motion For Summary Judgment of Palisades Counterclaim ("MTD"). Also before this Honorable Court were Defendant's Palisades Collections, LLC. ("Defendant") Oppositions to the above Motions and KSSJ's Replies in Support.  Further, Plaintiff KSSJ's Supplement to It's Motion for Partial Summary Judgment on Plaintiff's Declaratory Relief Claim and Unjust Enrichment was also before this Honorable Court. The Court makes the following Findings of Fact:

**FINDINGS OF FACT**

1. Defendant is a debt-collection company which pursues collection efforts against consumer debtors in Nevada.

2. KSSJ is a law firm located in Las Vegas, Nevada.

3. At all times, KSSJ was collecting debts on behalf of Defendant despite not being in a direct contract with Defendant.

4. At all relevant times, KSSJ was the attorney of record for Defendant and filed numerous suits on Defendant's behalf in addition to performing general collections for Defendant's benefit.

5. KSSJ provided "legal collection services" on behalf of Defendant.

6. Commencing in 2007, Defendant failed to pay and/or failed to pay in a timely manner KSSJ for services rendered and costs incurred.

7. To date, KSSJ has not received payment for services rendered and costs incurred on behalf of Defendant totaling $105,643.43.

8. As of March 16, 2010, Defendant owed KSSJ $105,253.96 ($35,610.53 for accrued costs and $69,643.43 for fees earned).

9. On January 27, 2010, KSSJ informed Defendant in writing of its intent to claim an attorney lien against collected funds.

10. On February 19, 2010, Defendant acknowledged in writing its receipt of KSSJ's notice.

11. Defendant admits it did not "disburse[] payment for fees and costs incurred by Plaintiff" on the claims files relevant to the present litigation.

12. Defendant admits that "fees and costs were not paid to Plaintiff" either directly or indirectly through a "Subservicer" on each file/account placed with KSSJ.

13. Defendant's accounting records verified KSSJ issued thousands of remittances to Defendant in relation to the relevant files and these remittances totaled in excess of several hundred thousand dollars.

14. On March 1, 2010, Michael Kreutzer, Defendant's external Audit/Support Manager, admitted in an internal correspondence not relating to a compromise or an offer to compromise, that Defendant "owed" KSSJ $40,068.89 for court costs and $71,781.51 for fees as of January 20, 2010.

15. Neither Defendant's Opposition to the MPSJ, nor its Opposition to the Supplement to the MPSJ, contained any allegation or claim that any genuine issues of material fact existed. Instead, Defendant raised the following arguments to oppose KSSJ's MPSJ and supplement thereto:

(1). Defendant claimed no contractual relationship existed between KSSJ and Defendant.

(2). Defendant claimed KSSJ waived any right to assert an Attorney's Lien and cited Section 6.06 of the "Subservicer Agreement" between Defendant and Wolpoff & Abramson, L.L.P. and Section XVII of the "Vendor Agreement" between Mann Bracken, LLC ("Subservicer") and KSSJ to support this position.

(3). Defendant claimed KSSJ waived any right to a Quantum Meruit claim and cited Section 6.07 of "Subservicer Agreement" between Defendant and Wolpoff & Abramson, L.L.P. to support this position.

16. The provisions of the "Subservicer Agreement" between Defendant and Wolpoff & Abramson, L.L.P. do not preclude KSSJ from asserting an Attorney's Lien or a Quantum Meruit claim because KSSJ is not a "subservicer", but rather a "vendor" or "local counsel."

17. Section XVII of the "Vendor Agreement" between Mann Bracken, LLC and KSSJ does preclude KSSJ from asserting an Attorney's Lien because KSSJ only waives its right to such a lien "after such Account has been recalled by the [subservicer] or [servicer], or after a Local Counsel or [subservicer] terminates this Agreement." As no such event occurred, it was permissible for KSSJ to assert an Attorney's Lien.

18. Plaintiff KSSJ moved to Dismiss Defendant's counter-claim for malicious prosecution. In support of the MTD, Plaintiff KSSJ asserted that a claimant may prevail on an action for malicious prosecution by proving: (1) a lack of probable cause; (2) malice; (3) a favorable termination of the litigation; and, (4) damages. *Rashidi v. Roe*, 818 F.Supp. 1354, 1359 (D. Nev. 1993).

19. Defendant has not, and will not, obtain a favorable termination of the litigation.

## CONCLUSIONS OF LAW

THEREFORE, the Court makes the following conclusions of law:

1. Summary judgment must be granted in favor of the moving party when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P 56©.

2. The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts of a case. *See Flowers v. Carville*, 292 F.Supp. 2d 1225 (D. Nev. 2003).

3. The correct inquiry at the summary judgment stage is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

4. A factual dispute is "genuine" when the evidence is such that a "rational trier of fact" could return a verdict for the non-moving party. *Id.* at 248.

5. There must be evidence upon which the trier of fact could reasonably find in the non-moving party's favor; a mere "scintilla" of evidence, or evidence that is only colorable, is insufficient to defeat summary judgment. *Id.* at 248-52.

6. While it is true the moving party has the initial burden to prove the absence of a material fact, the non-moving party cannot merely stand on their pleadings, but must demonstrate that there is a material issue of fact after the moving party has met its burden. *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305 (9th Cir. 1982).

7. The non-moving party must offer specific facts that illustrate a genuine issue of fact for the trier of fact and mere allegations or denials are insufficient to meet this burden. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wood v. Safeway, Inc.*, 121 Nev. 724, 731 (2005); *Bird v. Casa Royale West*, 97 Nev. 67, 69-70 (1981).

8. Unjust enrichment occurs when a party unjustly retains the money or property of another against fundamental principles of justice or equity and good conscience. *Asphalt Products v. All Star Ready Mix*, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995).

9. Unjust enrichment is a proper cause of action in cases where there is no express, written contract as no agreement can be implied where there is an express agreement. *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997).

10. The measure of damages under unjust enrichment is the "reasonable value of the services" performed. *Asphalt Products*, 111 Nev. at 802.

11. A claim for relief must be dismissed when such a claim fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

12. This Rule allows trial courts to terminate claims that are fatally flawed in their legal premises and destined to fail, and thus, to spare litigants the burdens of unnecessary pretrial and trial activity. *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993); *see also Port Authority of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 306 (3d Cir. 1999).

13. While the court is to construe the pleadings liberally, the pleader must show that their allegations "possess enough heft" to establish an entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007).

14. Plaintiff KSSJ is entitled to the $105,253.96 which it has rightfully and permissibly held in trust.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Declaratory Relief Claim and Unjust Enrichment Claim is **GRANTED**. Judgment will be entered in favor of Plaintiff KSSJ and against Defendant Palisades Collections.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Dismiss, or alternatively, Motion For Summary Judgment of Palisades Counterclaim is **GRANTED**.

### ORDER

IT IS SO ORDERED.

DATED this 28th day of July, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted By:

KRAVITZ, SCHNITZER,
SLOANE & JOHNSON, CHTD.

_____
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
*Attorney for Plaintiff*