UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KRAVITZ, SCHNITZER, SLOANE & JOHNSON, CHTD.,

  Plaintiff,

v.

ASTA FUNDING, INC., et al.,

  Defendants.

2:10-CV-486 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Kravitz, Schnitzer, Sloane & Johnson, Chtd.'s motion for attorneys' fees. (Doc. #81). Defendant Palisades Collection LLC filed an opposition. (Doc. #85). Plaintiff then filed a reply. (Doc. #86). Plaintiff included an itemized breakdown of hours and fees in its motion. (*See* Doc. #81). Plaintiff subsequently submitted a detailed attorney billing invoice for *in camera* review. Plaintiff requests $65,995.00 in attorneys' fees.

Plaintiff bases its motion for attorneys' fees on two grounds. First, plaintiff asserts that it is entitled to attorneys' fees because defendant's "defense and counterclaim was brought or maintained without reasonable ground or to harass the prevailing party." Second, plaintiff argues that it is entitled to attorneys' fees because defendant received a less favorable result than the offer of judgment it received from plaintiff. (Doc. #81). Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 54(d)(2), NRS 18.010 (allowing attorneys' fees to the prevailing party to "punish for and detour frivolous or vexatious claims and defenses"), and NRS 17.115(4)(d) (giving the court discretionary power to grant plaintiff reasonable attorneys' fees incurred subsequent to a rejected

**James C. Mahan**
**U.S. District Judge**

1  judgment offer that is less favorable than the ultimate judgment).

2  Defendant filed a short opposition. (Doc. #83). Interpreting the opposition liberally,
3  defendant makes only two objections to plaintiff's motion for attorneys' fees: (1) the requested fees
4  are unreasonable, and (2) plaintiff's motion did not indicate with sufficient specificity the nature and
5  extent of the work performed. (Doc. #83). Defendant did not cite any case law, statute, or other
6  authority pertaining to its opposition of plaintiff's motion for attorney's fees. (*See* Doc. #83). The
7  majority of defendant's opposition is simply an unsuccessful attempt to relitigate substantive issues
8  in the case that have already been determined by the court. (Doc. #83).

9  The court declines to award fees based on NRS 18.010. The court further holds that the *Erie*
10  doctrine precludes this court, sitting in diversity, from awarding attorneys' fees under NRS
11  17.115(4)(d).

12  State rules on the award of attorneys' fees are valid unless they run counter to federal law.
13  *See Aleyska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975). In diversity
14  cases, the determination of attorneys' fees involves an application of *Erie R.R. Co. v. Tompkins*, 304
15  U.S. 64 (1938), to offer of judgment rules. *See Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 755
16  (9th Cir. 2010).

17  > When there is a conflict between federal procedural rules and state substantive rules, courts must first determine whether the federal rule is sufficiently broad to control
18  > the issue. If the federal rule is sufficiently broad to create a direct conflict, then the federal rule controls so long as it does not transgress the limits of the Rules Enabling
19  > Act or the Constitution.

20  *Id.* (internal citations omitted). If "the purposes underlying the [Federal] Rule are sufficiently
21  coextensive with the asserted purposes of the [state rule] to indicate that the [Federal] Rule occupies
22  the [state rule's] field of operation," then the Federal Rule "preclude[s] [the state rule's] application
23  in federal diversity actions." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987); *see also*
24  *Goldberg*, 627 F.3d at 755-56.

25  There is no controlling case law on directly on point for the instant issue: whether Federal
26  Rule 68 directly conflicts with NRS 17.115(4)(d), as the Nevada statute awards attorneys' fees as
27  well as costs. Plaintiff asserts that there is no conflict between federal and state law here. (Doc. #81

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (citing *Walsh v. Kelley*, 203 F.R.D. 597 (D. Nev. 2001))); c*ompare* FED. R. CIV. P. 68 (granting costs
2  incurred after plaintiff rejected less favorable offer by defendant) *with* NRS 17.115(4)(d) (granting
3  attorneys' fees and costs incurred after either party rejects a less favorable offer).

4        The court disagrees with plaintiff; there is a direct conflict between Rule 68 and NRS
5  17.115(4)(d). In *Walsh*, a court in this district concluded that Rule 68 is:

> 6  sufficiently broad to cover the point in dispute, namely offer of judgment rules . . .
> 7  and that defendants are not entitled to attorney's fees. Because it deals with offers of judgment, NRS 17.115 deals with the same matter as Fed. R. Civ. P. 68. Further, because it awards attorney's fees[,] NRS 17.115 is in conflict with Fed. R. Civ. P.
> 8  which only provides for recovery costs.

9  *Walsh*, 203 F.R.D. at 600 (internal citations omitted). In effect, the *Walsh* court determined that
10  NRS 17.115(4)(d) did not apply for two reasons: (1) Rule 68 was sufficiently broad that it preempted
11  the offer of judgment field; and (2) the inclusion of attorneys' fees in addition to costs in NRS
12  17.115(4)(d) created a direct conflict with Rule 68. *See id.*

13        Plaintiff argues that *Walsh* and the instant case are distinguishable on their facts because the
14  defendant requested attorneys' fees in *Walsh* whereas the plaintiff is asking for attorneys' fees in the
15  instant case. (Doc. #81). Contrary to plaintiff's assertion, this procedural quirk is immaterial to the
16  court's finding that NRS 17.115(4)(d) is precluded by Rule 68. Rule 68 and NRS 17.115(4)(d) are
17  in direct conflict because the Nevada statute authorizes attorneys' fees while the federal rule
18  authorizes only costs. The identity of the party requesting attorneys' fees does not impact the court's
19  analysis of the interaction between these two rules. As Judge Reed noted, NRS 17.115 is in conflict
20  with Rule 68 "because [NRS 17.115] awards attorney's fees." *Walsh*, 203 F.R.D. at 600. Rule 68
21  is "sufficiently broad to control the issue" of offer of judgment rules. *See Goldberg*, 627 F.3d at 755.
22  Thus, Federal Rule of Civil Procedure 68 controls, and attorneys' fees pursuant to NRS 17.115(4)(d)
23  are not available to plaintiff. *See id.*

24        Accordingly,
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Kravitz,
2  Schnitzer, Sloane & Johnson, Chtd.'s motion for attorneys' fees (doc. #81) be, and the same hereby
3  is, DENIED.

4   DATED October 28, 2011.

  /s/ James C. Mahan
  **UNITED STATES DISTRICT JUDGE**